## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Lester Douglas,

            Plaintiff,                              Case No.  1:14cv407

       v.                                   Judge Michael R. Barrett

Excel Housing and
Development, *et al.*,

            Defendants.

### <u>ORDER</u>

This matter is before the Court upon the Magistrate Judge's May 20, 2014 Report and Recommendation ("R&R") recommending that Plaintiff's Complaint be dismissed. (Doc. 4).  Plaintiff filed objections to this R&R.  (Docs. 5 & 6).  Plaintiff then filed a Notice of Appeal and Motion for Leave to Appeal in forma pauperis.  (Docs. 9 & 10).  On October 14, 2014 the Magistrate Judge entered a second R&R which recommends that Plaintiff's Motion for Leave to Appeal in forma pauperis be denied.  (Doc. 11).  Plaintiff also filed objections to the October 14, 2014 R&R.  (Doc. 13).  On November 7, 2014, the Court of Appeals for the Sixth Circuit dismissed Plaintiff's appeal.  (Doc. 14).

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*; *see also* 28 U.S.C. § 636(b)(1).

In finding that the complaint should be dismissed for failure to state a claim upon which relief may be granted, the Magistrate Judge found that this Court lacks subject matter jurisdiction over Plaintiff's claims.

In his objections, Plaintiff repeats the same allegations found in his Complaint. Plaintiff explains that there are problems with mold and mildew in the apartment complex where he lives.  Plaintiff explains that he was charged the wrong amount of rent.  Plaintiff adds that his air conditioning in his apartment was turned off in retaliation for filing this lawsuit.

As the Magistrate Judge explained, these allegations are insufficient to support diversity jurisdiction because Plaintiff and the named Defendants—Excel Housing and Development, Cincinnati Metropolitan Housing Authority and Greater Cincinnati Behavioral Health—are domiciled in Ohio.  Plaintiff has not addressed this issue in his objections.

In addition, as the Magistrate Judge explained, this Court lacks federal question jurisdiction.  Plaintiff alleges Defendants Excel Housing and Development and Greater Cincinnati Behavioral Health violated his civil rights.  However, these Defendants are private parties, and Plaintiff has not demonstrated that these Defendants "acted together with or . . . obtained significant aid from state officials" so that their actions may properly be characterized as "state action."  *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).

Plaintiff has not addressed the Magistrate Judge's conclusion that with the exception of Plaintiff's allegations regarding the mold and mildew in his apartment, Plaintiff's claims are barred by the two-year statute of limitations applicable to civil rights

2

actions arising in Ohio.

Finally, to the extent that Plaintiff brings claims based on the mold and mildew against Defendant Cincinnati Metropolitan Housing Authority, Plaintiff has not alleged an affirmative act on the part of this defendant which would create a basis for liability under a "state-created danger" theory. *See Lewis v. Wheatley*, 528 F. App'x 466, 469 (6th Cir. 2013) (dismissing Section 1983 claim brought against metropolitan housing authority administering Section 8 housing program where plaintiffs failed to allege housing authority took affirmative action regarding mold and microbiological contaminants in apartments). Therefore, Plaintiff has failed to state a claim against the Cincinnati Metropolitan Housing Authority.

In the October 14, 2014 R&R, the Magistrate Judge concluded that Plaintiff's Motion for Leave to Appeal in forma pauperis should be denied because Plaintiff's appeal was premature. The Sixth Circuit ruled similarly.

Based on the foregoing, the Magistrate Judge's May 20, 2014 R&R (Doc. 4) and October 14, 2014 R&R (Doc. 11) are hereby **ADOPTED**. It is **ORDERED** that:

1. Plaintiff's complaint is **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

2. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Order would not be taken in good faith and Plaintiff is **DENIED** leave to appeal in forma pauperis.

**IT IS SO ORDERED.**

        */s/ Michael R. Barrett*
        JUDGE MICHAEL R. BARRETT